IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENNETH EDWARD HOLLOWAY, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv–1288−JPG |
| | ) | |
| U.S. MARSHALL'S SERVICE AGENCY, | ) | |
| JOHN DOE #1, | ) | |
| JOHN DOE #2, | ) | |
| JOHN DOE #3, | ) | |
| JOHN DOE #4, | ) | |
| JOHN DOE #5, and | ) | |
| JOHN DOE #6 | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Kenneth Edward Holloway, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Federal Narcotics Agents*, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2678 for incidents that occurred pursuant to his arrest. Plaintiff requests damages and injunctive relief. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> 　　(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

1

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

Plaintiff alleges that on October 5, 2016, he was taking a shower at the Comfort Inn motel in Granite City Illinois, when the U.S. Marshals knocked on his door. (Doc. 1, p. 5). Plaintiff hid under the bed. *Id.* When the Marshals found him, they demanded that he come out from under the bed with his hands up. *Id*. Plaintiff complied. *Id*. Plaintiff was handcuffed behind his back. *Id*. The Marshals then rolled Plaintiff over and tasered him in his penis. (Doc. 1, p. 6). Then then put him back on his stomach, and a Marshal sat on Plaintiff's back and began hitting him in the face. *Id*. Another Marshal bent his leg back; Plaintiff felt like they were trying to break his knee. *Id*. They also continued to taser Plaintiff. *Id*.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim survives threshold review:

> **Count 1** – John Does #1-6 tasered and beat Plaintiff despite the fact that he complied with their orders during arrest in violation of the Fourth Amendment;

For the reasons explained below, the following claim will be dismissed without prejudice at this time:

> **Count 2** – The United States Marshal Service Agency committed a tort against Plaintiff when its agents tasered and beat him pursuant to arrest under the Federal Tort Claims Act.

As to Plaintiff's **Count 1**, excessive force claims under the Fourth Amendment employ a "reasonableness" standard, applied objectively. *Becker v. Elfreich*, 821 F.3d 920, 925 (7th Cir. 2016); *Lawrence v. Kenosha Cty.,* 391 F.3d 837, 843 (7th Cir. 2004); *Payne v. Pauley,* 337 F.3d 767, 778 (7th Cir. 2003) (quoting *Graham v. Connor,* 490 U.S. 386, 396–97 (1989)). The Fourth Amendment will be violated if the totality of the circumstances suggests that an officer used more force than reasonably necessary to effect the arrest. *Id.* at 778 (quoting *Lester v. City of Chicago,* 830 F.2d 706, 713 (7th Cir. 1987)). A court must also balance the intrusion on the plaintiff against the governmental interests at issue. *Id.*

Case law suggests that it is unreasonable for arresting officers to employ a taser against an individual who is not actively resisting arrest. *Abbott v. Sangamon County, Illinois*, 705 F.3d 706, 730 (7th Cir. 2013); *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 863 (7th Cir. 2010). Plaintiff has alleged that he was tasered and beaten after he had surrendered and been handcuffed. This suggests that the use of force was unreasonable, because Plaintiff has alleged

that although he hid under the bed, which might be construed as passive resistance, he followed all of the officers' commands, and had been secured before they began using force. Taking Plaintiff's factual allegations as true, he has plausibly alleged an unreasonable use of force, and his Fourth Amendment claim in **Count 1** will be permitted to proceed.

However, there are problems with the defendant Plaintiff has named in connection with **Count 2**. Plaintiff has named the Marshals Service itself as a defendant. A plaintiff may not directly sue an agency of the United States for alleged constitutional violations. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484 (1994). Although direct suit against the individuals involved is permitted under *Bivens*, as discussed above, this does not extend to individual agencies. *Id.* at 484-85. Therefore the Marshals Service (as an individual agency) must be dismissed.

The Court construed the Complaint as attempting to state an FTCA claim because it is a plausible interpretation of the Complaint that the Marshals negligently or intentionally injured Plaintiff, and because Plaintiff named the government agency. But not only is the Marshal's Service an improper defendant, the "only proper defendant in a FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982); 28 U.S.C. § 2679(b). The United States must be named directly as a party.

The Court declines to substitute the United States in place of the U.S. Marshal Service. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005). In order to make someone a party, the plaintiff, not the Court, must name the party in the caption. *See id*. (citing Fed. R. Civ. P. 10(a) ("in the complaint, the title of the action shall include the names of all the parties.")). Plaintiff failed to do so here, and the Court will not undertake the task of deciding who Plaintiff sues. The Court leaves this decision to Plaintiff.

Further, the U.S. Marshals Service is not the same entity as the United States. The Seventh Circuit has explained that "[g]overnment agencies do not merge into a monolith; the United States is an altogether different party." *Hughes*, 701 F.2d at 58. For this reason, Plaintiff must substitute a suable entity (i.e. the United States) for a nonsuable entity (the U.S. Marshals Service). *Id.* Plaintiff must do this himself by amending his complaint.

There is also no indication that Plaintiff exhausted his administrative remedies as to the United States; the Complaint is silent on this point. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). In other words, tort claimants who file suit against the United States can be barred by the statute of limitations in two ways: 1) the claimant can be barred if he does not file a claim with the appropriate federal agency within two years; 2) the claimant can be barred, even after filing a timely administrative claim, if he fails to file a suit in district court within six months after final notice of the agency's action on the claim. *Id.* As Plaintiff has failed to name the proper defendant, his FTCA claim will be dismissed without prejudice. If Plaintiff has timely exhausted his administrative remedies, he may file another suit or move to amend his complaint here to bring that claim.

**Pending Motions**

Plaintiff's Motion to Request Counsel shall be referred to a United States Magistrate Judge for disposition. (Doc. 3).

**Disposition**

**IT IS HEREBY ORDERED** that **Count 1** against John Does # 1-6 survives threshold review. The U.S. Marshal Service Agency is **DISMISSED with prejudice**. To the extent that Plaintiff has attempted to bring an FTCA claim in **Count 2**, it is **DISMISSED without prejudice**

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 5, 2018**

s/J. Phil Gilbert
**U.S. District Judge**