UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH EDWARD HOLLOWAY, III,

  Plaintiff,

  v.

JOHN DOES #1-6, and UNITED STATES
OF AMERICA,

  Defendants.

Case No. 17-cv-1288-JPG

# MEMORANDUM AND ORDER

  This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 41) of Magistrate Judge Gilbert C. Sison recommending that the Court grant the motion to dismiss or, in the alternative, motion for summary judgment filed by the defendant United States of America (Doc. 34). Magistrate Judge Sison further ordered plaintiff Kenneth Edward Holloway, III to show cause on or before November 7, 2019, why the Court should not dismiss his claims against the John Doe defendants without prejudice for lack of prosecution. Holloway has not objected to the Report and has not responded to the order to show cause.

  The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

  The Court has received no objection to the Report. The Court has reviewed the entire file and finds that the Report is not clearly erroneous.

Furthermore, the Court finds it appropriate to dismiss Holloway's *Bivens* claims against the John Doe defendants. The Court has discretion to dismiss claims for lack of prosecution. *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013). However, it should not do so immediately after the first problem occurs and without exploring other potentially effective options. *Id.* The plaintiff should also have warning that the Court is considering dismissal. *Id.* Here, as set forth in the Report, Holloway had ample notice that he needed to identify the John Doe defendants in order to prosecute this suit against them and that if he did not do so, the Court could dismiss his claims against them. Nevertheless, he has not identified any of the John Does and he has not explained this failure. In in light of Holloway's persistent failure to prosecute his claims against the John Doe defendants and his failure to respond to Magistrate Judge Sison's order to show cause why his claims against those defendants should not be dismissed, it is appropriate to dismiss those claims for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket. *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

For the foregoing reasons, the Court:

- **ADOPTS** the Report in its entirety (Doc. 41);

- **GRANTS** the motion of the United States to dismiss or, in the alternative, for summary judgment (Doc. 34);

- **DISMISSES** Holloway's *Bivens* claim against the United States **with prejudice**;

- **DISMISSES** Holloway's Federal Tort Claims Act claim against the United States **without prejudice** for failure to exhaust administrative remedies;

- **DISMISSES** Holloway's *Bivens* claims against John Does #1-6 **without prejudice** for lack of prosecution;

- **DENIES as moot** Holloway's motion for a status report (Doc. 40); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   December 11, 2019**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**